IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FALANZO MARQUEST HIXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 6151 |
| | ) | |
| MICHAEL LEMKE, et al., | ) | The Honorable Judge Durkin |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants MICHAEL LEMKE, TRALON DURRETT (incorrectly sued as "Sgt. Durrant") and RANDY MALKOWSKI, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, hereby answer and plead their affirmative defenses to Plaintiff's Amended Complaint, as follows:

**Defendants**

1. Sgt. Durrant (first name unknown) is at all times mentioned herein, is a Sergeant at Stateville Co. Center. He is/was assigned to the F Cellhouse. He is responsible for the day to day operations of said cellhouse. He is being sued in his individual and official capacities.

**ANSWER**: Defendants admit that Tralon Durrett was the unit sergeant assigned to F house at Stateville from May, 2013 until July 11, 2013. Defendants further admit that as the unit sergeant of F house, Sgt. Durrett was responsible for security, custody and control of inmates and supervising correctional officers assigned to him and admit that Plaintiff purports to sue Durrett in his individual and official capacities. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2. Lt. Malkowski (first name unknown) is at all time mentioned herein is a lieutenant at Stateville Correctional Center. He is/was assigned to the F Cellhouse. He is responsible for the supervision the F Cellhouse. He is being sued in his individual and official capacities.

**ANSWER**: Defendants admit that Randy Malkowski is a lieutenant at Stateville Correctional

Center and was assigned to F house at Stateville in August 2013. Defendants further admit that as the lieutenant assigned to F house, Lt. Malkowski was responsible for security, custody and control of inmates and supervising correctional officers and sergeants assigned to him and admit that Plaintiff purports to sue Malkowski in his individual and official capacities. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

 3. Warden Michael Lemke, is at all times mentioned herein, is/was the Warden at Stateville Co. Center. He is legally responsible for the day to day operations at the facility. He is being sued in his individual and official capacities.

**ANSWER**: Defendants admit that Michael Lemke was the warden of Stateville Correctional Center from January 2013 until December 2013. Defendants admit that Plaintiff purports to sue Defendant Lemke in his individual and official capacities. Defendants make no answer to the remaining allegations contained in this paragraph as they purport to state a legal conclusion.

**Statement of Claims**

 1. In May of 2013, plaintiff was taken to a cell in F-House (152) for a disciplinary infraction.

**ANSWER**: Defendants admit that Plaintiff was transferred to cell F-152 at Stateville on May 30, 2013. Defendants further admit that Plaintiff received a disciplinary report in May 2013 and one month of segregation was part of the discipline imposed for that report.

 2. The cell plaintiff was in was infested with spiders, roaches, mice and black mold.

**ANSWER**: Defendants deny the allegations contained in paragraph 2.

 3. In addition to the paint in the cell, which is lead based, was peeling.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

 4. On June 2, 8, 15, 18 and 21 of 2013, plaintiff wrote defendants Lemke, Durrant, and Malkowski requesting that the living conditions he was being subjected to be abated (See letters as Exhibit A).

**ANSWER**: Defendants admit that Exhibit A to Plaintiff's Amended Complaint consists of letters written by Plaintiff and dated June 2, 8, 15, 18, and 21, 2013 which are addressed to the Defendants. Defendants further admit that the letters written by Plaintiff contained complaints about the conditions of Plaintiff's cell.

 5. Said condition/request were never abated or addressed.

**ANSWER**: Defendants deny the allegations contained in paragraph 5.

6. On June 28, 2013 plaintiff was moved to Cell 432 in the F-Cellhouse where he was again subjected to the same inhumane living conditions he was subjected to in cell 152.

**ANSWER**: Defendants admit that Plaintiff was moved to cell F-432 on June 28, 2013. Defendants deny the remaining allegations contained in this paragraph.

7. On July 3, 2013, plaintiff again wrote defendant Lemke about said living condition and again defendant failed to respond. (See letter marked Exhibit B).

**ANSWER**: Defendants admit that Exhibit B to Plaintiff's Amended Complaint contains a letter written by Plaintiff and dated "July 3" which is addressed to "Warden M. Lemke." Defendants further admit that the letter attached to Plaintiff's Amended Complaint at Exhibit B contains complaints about the conditions in Plaintiff's cell. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8. On July 20, 21 and 24, 2013, plaintiff wrote defendants Malkowski, Dr. David, Dr. Obaisi and Warden Lemke concerning extreme pain he was having in his right ear. (See letters as Exhibit C).

**ANSWER**: Defendants admit that Exhibit C to Plaintiff's Amended Complaint contains a letters written by Plaintiff and dated July 20, 21 and 24, 2013 which are addressed to Lt. Malkowski, Dr. Davis, Dr. Obaisi and Warden Lemke regarding pain in his right ear.

9. On 8-6-2013, plaintiff was taken to the Health Care Unit E.R.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Dr. Davis examined plaintiff ear, flushed it out only to discovery that several roaches had crawled into plaintiffs ear. (See Dr. Davis Report as Exhibit D).

**ANSWER**: Defendants admit that Exhibit D to Plaintiff's Amended Complaint contains a medical record dated August 6, 2013. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. On 8-13-13 plaintiff wrote defendant Lemke advising him about his medical situation and his belief that the inhumane living conditions was a direct cause of it. (See letter as Exhibit E).

**ANSWER**: Defendants admit that Exhibit E to Plaintiff's Amended Complaint contains a letter written by Plaintiff dated August 13, 2013 and addressed to "Warden M. Lemke" regarding

Plaintiff's ear pain. Defendants deny the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendants deny that the Plaintiff is entitled to the requested relief, or any relief whatsoever, and Defendants request that this Court strike this Amended Complaint, enter judgment on Defendants' behalf, and for such further relief the Court finds reasonable and just.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has not exhausted available administrative remedies as required by 42 U.S.C. 1997(e) and therefore, his complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendants' in their official capacities are barred by the Eleventh Amendment.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois   */s/ Erin R. Gard*
  ERIN R. GARD
  Assistant Attorney General
  General Law Bureau
  100 W. Randolph St., 13th Fl.
  Chicago, Illinois 60601
  (312) 814-5163