**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FALANZO MARQUEST HIXSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  15 C 6151 |
| | ) | |
| | ) | |
| MICHAEL LEMKE, SALVADOR | ) | The Honorable Judge Durkin |
| GODINEZ, TRALON DURETT, | ) | |
| RANDY MALKOWSKI, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, and STATEVILLE | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR RELIEF AND MONETARY DAMAGES

NOW COMES Plaintiff, FALANZO MARQUEST HIXSON, by and through his attorneys, GREGORY B. BOLDUC, JASON M. MAXFIELD, and SARAH R. HERTZ of MORSE BOLDUC & DINOS, LLC, and complaining of defendants, SALVADOR GODINEZ, Director of the Illinois Department of Corrections, Individually, and in his official capacity; MICHAEL LEMKE, Warden, Stateville Correctional Center, Individually, and in his official capacity; TRALON DURETT, unit sergeant, Stateville Correctional Center, Individually, and in his official capacity; RANDY MALKOWSKI, lieutenant, Stateville Correctional Center, Individually, and in his official capacity; ILLINOIS DEPARTMENT OF CORRECTIONS, and STATEVILLE CORRECTIONAL CENTER, and each of them, says:

## NATURE OF THE ACTION

1.    Falanzo Marquest Hixson (hereinafter "Plaintiff") is incarcerated at Stateville Correctional Center, Crest Hill, Illinois, in the panoptic Unit F.  With this action, Plaintiff seeks

damages and injunctive relief for the inhumane living conditions he is subjected to in Unit F and to hold accountable the Warden of Stateville Correctional Center as well as other members of the administration staff for their roles in perpetuating these living conditions. Further, Plaintiff seeks damages and injunctive relief for the inadequate medical care he received and to hold accountable the Warden of Stateville Correctional Center, the Illinois Department of Corrections, and Stateville Correctional Center for their roles in perpetuating the inadequate medical care.

2.      Plaintiff brings this action pursuant to Title 42 U.S.C. § 1983 to redress violations of the Eighth Amendment, applicable to the states by incorporation into the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

3.      Plaintiff seeks actual, compensatory and punitive damages, as well as attorneys' fees and court costs from Defendants.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343, and the Constitution of the United States; it also has supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Plaintiff's claims took place within the Northern District of Illinois. On information and belief, all defendants reside in this judicial district.

6.      This Court has authority pursuant to 42 U.S.C. § 1983 to award appropriate actual, compensatory and punitive damages, and has authority under 42 U.S.C. § 1988 to award attorney fees and costs to successful civil rights plaintiffs.

## EXHAUSTION

7.     Upon information and belief, Plaintiff has exhausted all available administrative remedies available to him prior to bringing this 42 U.S.C. § 1983 civil rights lawsuit within the meaning of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

## THE PARTIES

8.     Plaintiff, FALANZO MARQUEST HIXSON, is an inmate at Stateville Correctional Center, Crest Hill, Illinois.

9.     SALVADOR GODINEZ, Director of the Illinois Department of Corrections, has the power to close Unit F or remedy its condition at Stateville and was ultimately responsible for overall prison conditions and grievances of inmates.  He is sued individually and in his official capacity.

10.     MICHAEL LEMKE was the Warden of Stateville Correctional Center from January 2013 until December 2013.  He had the power to remedy the living conditions in Unit F at Stateville and was responsible for management and administration of Stateville, including inmate grievances and conditions of confinement.  He is sued individually and in his official capacity.

11.     TRALON DURETT was the unit sergeant assigned to Unit F at Stateville Correctional Center from May 2013 until July 11, 2013.  He had the power to remedy the living conditions in Unit F.  He is sued individually and in his official capacity.

12.     RANDY MALKOWSKI is a lieutenant assigned to Unit F at Stateville Correctional Center in August 2013.  He has the power to remedy the living conditions in Unit F. He is sued individually and in his official capacity.

13.     ILLINOIS DEPARTMENT OF CORRECTIONS is an Illinois State department responsible for the care, custody, treatment, and rehabilitation of all persons committed to its custody, and for all Illinois correctional institutions.

14.     STATEVILLE CORRECTIONAL CENTER in Crest Hills, Illinois is a correctional institution maintained by the Illinois Department of Corrections and responsible for the care, custody, treatment, and rehabilitation of all persons committed to its custody.

## FACTUAL ALLEGATIONS

15.     On August 1, 2000, FALANZO MARQUEST HIXSON was incarcerated at STATEVILLE CORRECTIONAL CENTER, a correctional institution maintained by the ILLINOIS DEPARTMENT OF CORRECTIONS.

16.     In May 2013, FALANZO MARQUEST HIXSON was moved to Unit F at STATEVILLE CORRECTIONAL CENTER (hereinafter "STATEVILLE") for a disciplinary infraction.

17.     Unit F, commonly known as "F-House" or "roundhouse" has a panopticon layout which features an armed tower in the center of an open area surrounded by several tiers of cells. F-House is the only panopticon still in use in the United States. The other panopticons at STATEVILLE have been closed and razed.

18.     In 2011, the John Howard Association of Illinois inspected STATEVILLE and Unit F and reported:

> "The effects of overcrowding, underfunding, and understaffing, were evident throughout the facility but most dramatically on display in the housing Unit F, the panoptic "roundhouse," which holds 400 inmates in double bunk cells designed to house one person. The nearly 90-year-old building, described in detail is the body of this report, has no place in a modern, civilized correctional system. Its grim conditions include persistent, noxious noise levels; substandard heating, cooling and air ventilation; infestations

4

> of cockroaches and other pests; poor sanitation due to
> malfunctioning toilets, plumbing, and showers that are peeling and
> decaying; broken and non-functioning windows; and a physical
> plant that is overall dilapidated and falling apart."

19.     The design of the panopticon induces extreme aggravation, anxiety and stress among inmates, including Plaintiff.

20.     The acoustics of the roundhouse amplifies sound to such a degree that all that can be heard is a deafening roar of yelling, talking and screaming and the persistent sound of banging metal and brick.

21.     Inmates are deprived of any privacy by virtue of the circular design.  This causes inmates to be tense and react with increasing hostility.

22.     There is no air-conditioning in hot weather.  Heating is unreliable.

23.     Window handles have been removed for security reasons.  Windows are non-functioning.

24.     Besides infestations of cockroaches, the roundhouse has had reported infestations of birds, mice, and spiders.

25.     As of July 2011, STATEVILLE had only two (2) full-time physicians.  It had only 13 of 21 nurse positions filled; and 10 of 18 medical technician positions filled.  This understaffing of medical care professionals endangers the lives of inmates, including Plaintiff.

26.     Information in paragraphs 14-22 were obtained from the July 13, 2011 John Howard Association Report written by Maya Szilak, Director of the Prisoner Monitoring Project and confirmed with client interviews.  See the John Howard Association of Illinois Report Monitoring Visit to Stateville Correctional Center 7/13/2011 attached hereto as Exhibit "A."

27.     Beginning in May 2013 after being moved to Unit F at STATEVILLE, FALANZO MARQUEST HIXSON was exposed to cockroaches, mice, spiders, and other bugs.

His cell, cell #152, was infested with these critters, and the back wall of his cell was covered with mold and peeling paint. On one occasion, there was a spider crawling on his food tray.

28.     Between June 2, 2013 and June 21, 2013, Plaintiff wrote Defendants MICHAEL LEMKE, TRALON DURETT, AND RANDY MALKOWSKI requesting these inhumane living conditions be addressed and remedied. Plaintiff wrote a total of five (5) letters. See Exhibit "B." Defendants LEMKE, DURETT, AND MALKOWSKI made no effort to remedy the intolerable living conditions.

29.     On June 28, 2013, Plaintiff was moved to cell #432 in Unit F at STATEVILLE where he was again exposed to the same inhumane living conditions, including cockroaches, mice, spiders, and other bugs.

30.     On July 3, 2013, Plaintiff wrote Defendant LEMKE about said living conditions, yet Defendant LEMKE did not respond. See Exhibit "C." Once again, Defendant LEMKE made no effort to remedy the intolerable living conditions.

31.     Between July 20, 2013 and July 24, 2013, Plaintiff wrote Defendant MALKOWSKI, Defendant LEMKE, and Dr. Hundley Davis and Dr. Saleh Obaisi, both physicians at STATEVILLE, notifying them that he was experiencing extreme pain in his right ear. Plaintiff stated in his July 20, 2013 letter to Defendant MALKOWSKI that he could not hear out of his right ear, and that all he could hear was crackling. See Exhibit "D."

32.     On July 23, 2013, Plaintiff filed a formal Offender Grievance with his counselor, Cynthia Harris, stating that he was exposed to inhumane living conditions in cells #152 and #432. These inhumane living conditions included black mold in the cells, cockroaches, mice, spiders, and peeling paint. Plaintiff's counselor never responded to this formal Offender Grievance. See Exhibit "E."

33.     On August 6, 2013, a nurse from Unit F examined Plaintiff's right ear and subsequently sent Plaintiff to the Health Care Unit E.R.  At the E.R., Dr. Hundley Davis examined the Plaintiff and discovered several cockroaches in Plaintiff's right ear.  Dr. Davis removed these cockroaches from Plaintiff's right ear.  Plaintiff was subsequently prescribed antibiotics, but he was given no oral pain medication for his ear pain.  See Exhibit "F."

34.     Upon information and belief, plaintiff subsequently suffered and continues to suffer from excruciating right ear pain and hearing loss.

35.     On August 13, 2013, Plaintiff wrote a letter Defendant LEMKE notifying him of his ongoing right ear pain and his August 6, 2013 visit with Dr. Davis, and requesting that Plaintiff be allowed to see the doctor again as soon as possible for reasons related to his ear pain. See Exhibit "G."

36.     On September 24, 2013, Plaintiff filed a second formal Offender Grievance with his counselor stating that several cockroaches were flushed out of his right ear and that he would like to see the doctor again because of his ongoing right ear pain.  See Exhibit "H."

37.     On October 2, 2013, Plaintiff's counselor responded to his second formal Offender Grievance stating that "a copy of his grievance has been forwarded to the [Health Care Unit] for review and response and the original grievance has been forwarded to the grievance office."  The response also stated that Plaintiff would receive a response from the grievance office when the Health Care Unit responds to the grievance.  To date, there has been no response. See Exhibit "H."

38.     Sometime between October 2013 and February 2014, Plaintiff was moved into a different Unit and cell at STATEVILLE.

39.     On February 21, 2014, Plaintiff was moved back into Unit F and once again was exposed to the same inhumane living conditions he previously experienced, including cockroaches, mice, spiders, and other bugs.

40.     On March 9, 2014, Plaintiff filed a third formal Offender Grievance with his counselor stating that it has been eight (8) months since he filed his first formal Offender Grievance, yet he still has not heard anything from the Grievance Office.  Also in this third formal Offender Grievance, Plaintiff requested that the inhumane living conditions he was again exposed to be addressed and that he be moved from Unit F to any of the other Units.  See Exhibit "I."

41.     On March 19, 2014, Plaintiff's counselor, Kim Duvall, responded to Plaintiff's third formal Offender Grievance, stating that "once a grievance is filed it goes through a process in the order in which it was received" and that "offender will receive a response once process is complete (duplicate)."  To date, there has been no response.  See Exhibit "I."

42.     Upon information and belief, Plaintiff has exhausted his grievance requirements and is compelled to bring this action for injunctive relief and compensatory damages.

43.     Upon information and belief, Plaintiff, FALANZO MARQUEST HIXSON, has suffered and continues to suffer injuries to his right ear, including pain and, upon information and belief, hearing loss.

**COUNT I – 42 U.S.C. §1983**
**Eighth Amendment – Failure to Supply Humane Living Conditions**
**(Against All Defendants in their Individual Capacities)**

44.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-43 as if fully restated here.

45.     The law is clear that to state a valid constitutional claim under the Eighth Amendment for inhumane conditions of confinement, an inmate must allege that the conditions at Stateville constituted an objectively sufficient serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994).   Furthermore, the second component of this inquiry requires that the inmate show that Defendants were deliberately indifferent to his situation.  *Id.* at 834.

46.     Plaintiff was exposed to pest infestations the entire time he was housed in Unit F at STATEVILLE.  The law is clear that "allegations of a prolonged exposure to pest infestations" may state a claim under the Eighth Amendment.  See *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).

47.     Defendants, acting under color of law, were deliberately indifferent to the living conditions of Plaintiff, FALANZO MARQUEST HIXSON; they knew of the substantial risk of harm Plaintiff was exposed to because of the living conditions of Unit F; and they consciously violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

48.     Defendant, SALVADOR GODINEZ, is responsible for the failure to supply plaintiff with safe, suitable and humane living conditions at STATEVILLE, including Unit F where Plaintiff resides in that:

   a.   Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

   b.   Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

   c.   Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

   d.   Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

49. Defendant, MICHAEL LEMKE, was the Warden of STATEVILLE CORRECTIONAL CENTER. Defendant, MICHAEL LEMKE, is responsible for the failure to supply Plaintiff with safe, suitable and humane living conditions in that:

    a. Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b. Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c. Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    d. Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

50. Defendant, TRALON DURETT, is responsible for the failure to supply Plaintiff with safe, suitable and humane living conditions in that:

    a. Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b. Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    c. Defendant failed to remedy the inhumane living conditions;

51. Defendant, RANDY MALKOWSKI, is responsible for the failure to supply Plaintiff with safe, suitable and humane living conditions in that:

    a. Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b. Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    c. Defendant failed to remedy the inhumane living conditions;

52.     Defendant, STATEVILLE CORRECTIONAL CENTER, is responsible for the

failure to supply plaintiff with safe, suitable and humane living conditions at STATEVILLE,

including Unit F where Plaintiff resides in that:

    a.  Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.  Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c.  Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    d.  Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

53.     Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, is responsible for

the failure to supply plaintiff with safe, suitable and humane living conditions at STATEVILLE,

including Unit F where Plaintiff resides in that:

    a.  Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.  Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c.  Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    d.  Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

54.     Defendants' conduct lead to Plaintiff, FALANZO MARQUEST HIXSON's

injuries of a personal nature, including bodily harm, pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff, FALANZO MARQUEST

HIXSON, demands judgment against defendants, and each of them, for:

(1) Compensatory and punitive damages;

(2) Attorney's fees and costs of this action;

(3) And such other and additional relief as this court deems equitable and just.

## COUNT II – 42 U.S.C. §1983
### Eighth Amendment – Failure to Supply Humane Living Conditions
### (Against All Defendants in their Official Capacities)

55.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-54 as if fully restated here.

56.     The law is clear that to state a valid constitutional claim under the Eighth Amendment for inhumane conditions of confinement, an inmate must allege that the conditions at Stateville constituted an objectively sufficient serious harm. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994).   Furthermore, the second component of this inquiry requires that the inmate show that Defendants were deliberately indifferent to his situation. *Id.* at 834.

57.     Plaintiff was exposed to pest infestations the entire time he was housed in Unit F at STATEVILLE.  The law is clear that "allegations of a prolonged exposure to pest infestations" may state a claim under the Eighth Amendment.  See *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).

58.     Defendants, acting under color of law, were deliberately indifferent to the living conditions of Plaintiff, FALANZO MARQUEST HIXSON; they knew of the substantial risk of harm Plaintiff was exposed to because of the living conditions of Unit F; and they consciously violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

59.     Defendant, SALVADOR GODINEZ, is responsible for the failure to supply plaintiff with safe, suitable and humane living conditions at STATEVILLE, including Unit F where Plaintiff resides in that:

    a.   Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.   Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c.   Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    d.   Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

60.    Defendant, MICHAEL LEMKE, was the Warden of STATEVILLE CORRECTIONAL CENTER. Defendant, MICHAEL LEMKE, is responsible for the failure to supply Plaintiff with safe, suitable and humane living conditions in that:

    a.   Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.   Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c.   Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    d.   Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

61.    Defendant, TRALON DURETT, is responsible for the failure to supply Plaintiff with safe, suitable and humane living conditions in that:

    a.   Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.   Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    c.   Defendant failed to remedy the inhumane living conditions;

62.     Defendant, RANDY MALKOWSKI, is responsible for the failure to supply

Plaintiff with safe, suitable and humane living conditions in that:

    a.  Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.  Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    c.  Defendant failed to remedy the inhumane living conditions;

63.     Defendant, STATEVILLE CORRECTIONAL CENTER, is responsible for the

failure to supply plaintiff with safe, suitable and humane living conditions at STATEVILLE,

including Unit F where Plaintiff resides in that:

    a.  Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.  Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c.  Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

    d.  Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

64.     Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, is responsible for

the failure to supply plaintiff with safe, suitable and humane living conditions at STATEVILLE,

including Unit F where Plaintiff resides in that:

    a.  Defendant has failed to supply the basic requirements of living conditions: clean linens, fresh air, quietude, and healthy food free of contaminants;

    b.  Defendant has failed to supply Plaintiff with adequate and consistent functioning plumbing, including water pressure necessary for multiple toilet flushings;

    c.  Defendant has failed to supply Plaintiff with cells free from infestations of cockroaches, wild birds, spiders, and mice;

      d. Defendant has failed to supply Plaintiff with a cell with privacy, adequate heat, cooling and fresh air, and functioning windows;

65.    Defendants' conduct lead to Plaintiff FALANZO MARQUEST HIXSON's injuries of a personal nature, including bodily harm, pain and suffering. Additionally, Defendants' conduct deprived Plaintiff, FALANZO MARQUEST HIXSON, of his rights under the Eighth Amendment. Those rights are in need of protection.

66.    To be entitled to a permanent injunction, the party seeking the injunction must demonstrate (1) a clear and ascertainable right in need of protection, (2) that he or she will suffer irreparable harm if the injunction is not granted, and (3) that no adequate remedy at law exists. *Swigert v. Gillespie*, 2012 IL App (4th) 120043, ¶ 27.

67.    Plaintiff, FALANZO MARQUEST HIXSON, has suffered and will continue to suffer irreparable harm if he is placed in Unit F and again exposed the same inhumane living conditions.

68.    The continuous violation of Plaintiff FALANZO MARQUEST HIXSON's Eighth Amendment rights demonstrates that Plaintiff does not have an adequate remedy at law.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff, FALANZO MARQUEST HIXSON, demands judgment against defendant, and each of them, for:

(1) Injunctive relief in the form of an order

    a. Enjoining and prohibiting STATEVILLE CORRECTION CENTER, the ILLINOIS DEPARTMENT OF CORRECTIONS, SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, RANDY MALKOWSKI, and other current and future employees of Stateville Correctional Center and the

Illinois Department of Corrections from further deprivations of Plaintiff's rights;

b. Requiring defendants to cease using the panopticon F-House;

(2) And such other and additional relief as this court deems equitable and just.

**COUNT III – 42 U.S.C. §1983**
**Eighth Amendment - Inadequate Medical Treatment**
**(<u>Against Defendants Illinois Department of Corrections and</u>**
**<u>Stateville Correctional Center)</u>**

69.     Plaintiff hereby incorporates paragraphs 1-68 of this Complaint as if fully incorporated herein.

70.     On and around July 20, 2013, and at all times relevant herein, Defendant ILLINOIS DEPARTMENT OF CORRECTIONS was and still is an Illinois State department responsible for the care, custody, treatment, and rehabilitation of all persons committed to its custody, and for all Illinois correctional institutions.

71.     On and around July 20, 2013, and at all times relevant herein, Defendant STATEVILLE CORRECTIONAL CENTER was and still is in Crest Hills, Illinois and is a correctional institution maintained by the Illinois Department of Corrections and responsible for the care, custody, treatment, and rehabilitation of all persons committed to its custody.

72.     On and around July 20, 2013, Plaintiff began experiencing extreme pain in his right ear.  During that time, Plaintiff wrote several letters to STATEVILLE CORRECTIONAL CENTER personnel notifying them he was experiencing extreme pain in his right ear.  See Exhibit "D."

73.     Over two weeks later on August 6, 2013, a nurse from Unit F examined Plaintiff's right ear and subsequently sent Plaintiff to the Health Care Unit E.R. where Dr. Hundley Davis discovered several cockroaches in Plaintiff's right ear.  Dr. Davis removed these cockroaches

16

from Plaintiff's right ear prescribed Plaintiff antibiotics but not oral pain medication for his ear pain.  See Exhibit "F."

74.     Upon information and belief, Plaintiff subsequently suffered and continues to suffer from excruciating right ear pain and hearing loss.

75.     On August 13, 2013, Plaintiff wrote a letter Defendant LEMKE notifying him of Plaintiff's ongoing right ear pain and requesting that Plaintiff be allowed to see the doctor again as soon as possible for reasons related to his ear pain.  See Exhibit "G."

76.     On September 24, 2013, Plaintiff filed a second formal Offender Grievance with his counselor stating that several cockroaches were flushed out of his right ear and that he would like to see the doctor again because of his ongoing right ear pain.  See Exhibit "H."

77.     On October 2, 2013, Plaintiff's counselor responded to his second formal Offender Grievance stating that "a copy of his grievance has been forwarded to the [Health Care Unit] for review and response and the original grievance has been forwarded to the grievance office."  The response also stated that Plaintiff would receive a response from the grievance office when the Health Care Unit responds to the grievance.  To date, there has been no response. See Exhibit "H."

78.     To date, Plaintiff has not received a follow-up medical examination for his ongoing right ear pain and hearing loss.

79.     Plaintiff's Eighth Amendment right was unconstitutionally violated when STATEVILLE CORRECTIONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS negligently failed to provide Plaintiff with medical care within a reasonable amount of time, and negligently failed to administer Plaintiff a follow-up medical examination to address is ongoing right ear pain and hearing loss.

80.    Defendants STATEVILLE CORRECTIONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS acted with reckless disregard towards Plaintiff's serious medical needs by inadequate action in treating Plaintiff's right ear condition, and by total inaction as they failed to give Plaintiff a follow-up medical examination.

81.    In *Estelle v. Gamble*, the Supreme Court established that a prisoner could recover under the Eight Amendment, which prohibits the unnecessary and wanton infliction of pain, if the prisoner established a "deliberate indifference" to the serious medical needs of a prisoner. 429 U.S. 91, 97 S. Ct. 285 (1976).

82.    STATEVILLE CORRECTIONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS acted with deliberate indifference when it was apparent from Plaintiff's constant complaints of pain that Plaintiff's condition was serious and that the necessity for treatment was obvious to any reasonable medical practitioner.

83.    STATEVILLE CORRECTIONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS continues to act with deliberate indifference by failing to provide Plaintiff with a follow-up examination when it is apparent from Plaintiff's constant complaints of pain and hearing loss that Plaintiff's condition is serious and that the necessity for treatment is obvious to any reasonable medical practitioner.

84.    Due to the deliberate indifference of STATEVILLE CORRECTIONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS toward Plaintiff and his right ear condition, Plaintiff suffered and continues to suffer from actual physical injuries.

WHEREFORE, Plaintiff prays that this court award a judgment in favor of Plaintiff, FALANZO MARQUEST HIXSON, and against the Defendants, the ILLINOIS DEPARTMENT OF CORRECTIONS and STATEVILLE CORRECTIONAL CENTER, and each of them, for:

18

(1) Compensatory and punitive damages;

(2) Injunctive relief in the form of an order

      a.   Requiring STATEVILLE CORRECTIONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS to provide necessary medical treatment and a follow-up medical examination for Plaintiff's ongoing right ear pain and hearing loss;

(3) Attorney's fees and costs of this action;

(4) And such other and additional relief as this court deems equitable and just.

## COUNT IV – Negligence

85.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-84 as if fully restated here.

86.    The individual defendants, SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI, as well as defendants STATEVILLE CORRECITONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS, in whose custody and charge Plaintiff was placed, had a duty to protect the Plaintiff from harm and to exercise care for his safety and medical needs.

87.    The individual defendants, SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI, as well as defendants STATEVILLE CORRECITONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS, in breach of their duty, ignored the Plaintiff's complaints related to his right ear pain and hearing loss and complaints related to the inhumane living conditions in Unit F.

88.    The actions of the individual defendants, SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI, as well as defendants

STATEVILLE CORRECITONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS, were the direct and proximate cause of serious and ongoing physical injuries to the Plaintiff.

WHEREFORE, the Plaintiff, FALANZO MARQUEST HIXSON, respectfully requests that this Court enter judgment in his favor and against the individual defendants SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI, as well as defendants STATEVILLE CORRECITONAL CENTER and the ILLINOIS DEPARTMENT OF CORRECTIONS, for negligence and an award of damages, including but not limited to compensatory damages, special damages, damages for pain and suffering, punitive damages, costs and reasonable attorney fees and such further relief as this Court deems just and proper in the premises.

## COUNT V – Respondeat Superior

89.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-88 as if fully restated here.

90.     Defendant SALVADOR GODINEZ was acting within the scope of his employment as Director of the Illinois Department of Corrections.

91.     Defendant MICHAEL LEMKE was acting within the scope of his employment as the Warden of Stateville Correctional Center from January 2013 until December 2013.

92.     Defendant TRALON DURETT was acting within the scope of his employment as the unit sergeant assigned to Unit F at Stateville Correctional Center from May 2013 until July 11, 2013.

93.     Defendant RANDY MALKOWSKI was acting within the scope of his employment as a lieutenant assigned to Unit F at Stateville Correctional Center in August 2013.

20

94.     The actions of the individual defendants SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI were of the kind which they were employed to perform, including protecting the Plaintiff, FALANZO MARQUEST HIXSON, from harm as a result of his living conditions and facilitating his ability to receive adequate medical treatment.

95.     The actions of the individual defendants SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI, in light of their duties, were reasonably foreseeable and expectable.  The actions of the individual defendants SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI were motivated, at least in part, by a purpose to further the interests of defendants the ILLINOIS DEPARTMENT OF CORRECTIONS and STATEVILLE CORRECTIONAL CENTER and were committed in furtherance of their duties as director, warden, unit sergeant, and lieutenant, respectively, of the ILLINOIS DEPARTMENT OF CORRECTIONS and STATEVILLE CORRECTIONAL CENTER.

WHEREFORE, the Plaintiff, FALANZO MARQUEST HIXSON, respectfully requests that this Court enter judgment in his favor and against the individual defendants SALVADOR GODINEZ, MICHAEL LEMKE, TRALON DURETT, and RANDY MALKOWSKI, and against defendants the ILLINOIS DEPARTMENT OF CORRECTIONS and STATEVILLE CORRECTIONAL CENTER, under the doctrine of *Respondeat Superior*, and an award of damages, including but not limited to compensatory damages, special damages, damages for pain and suffering, punitive damages, costs and reasonable attorney fees and such further relief as this Court deems just and proper in the premises.

## JURY DEMAND

Plaintiff, FALANZO MARQUEST HIXSON, demands trial by jury as to any and all issues so triable as a matter of right.

Dated: March 28, 2016

Respectfully submitted,

By: ___/s/ Gregory B. Bolduc____
    One of Plaintiff's Attorneys

**MORSE BOLDUC & DINOS, LLC**
Gregory B. Bolduc
Jason M. Maxfield
Sarah R. Hertz
25 E. Washington Street, Suite 750
Chicago, IL 60602
(312) 251-2577/Fax (312)376-3896
gbolduc@morseandbolduc.com